———o———

## Rhoda Kellogg v. Henry J. Aldrich and Alvin C. Davis.

*Bill to compel distribution of intestate's personalty—Demurrer.*

Demurrer lies to a bill filed by the sister of an intestate, claiming as a distributee of personalty and not as heir, alleging fraud in the appointment of a guardian and administrator for the decedent, and asking the appointment of a receiver; proceedings must be had in the probate court.

Appeal from Kent. Submitted Oct. 24. Decided Oct. 31.

Bill for appointment of receiver. Dismissed. Complainant appeals.

*E. A. Maher* for complainant. A court of equity should grant relief by injunction and the appointment of a receiver, where an administrator is acting in collusion with another to defraud the estate, *People v. Wayne Circ. Judge*, 11 Mich., 404; the court of chancery has authority to superintend the administration of assets and decree distribution of the residue, 1 Story's Eq. Jur., §§ 542-4; and it alone can enforce the collection of the assets of the estate when the administrator neglects or refuses to bring them in. Adams' Equity, 250.

GRAVES, J. This is an appeal against a dismissal of the bill on demurrer. The bill sets up that in October, 1877, complainant's sister, one Hannah Bearss, died intestate in Kent county without having had any children, and left between two and three thousand dollars of personal estate, and that upon distribution under the statute, complainant would be a distributee. That some time prior to her death decedent became an invalid and mentally incompetent to transact business; that defendant Aldrich, her step son, obtained by fraud some kind of writing from her, and then assumed possession of her property and claimed it under such writing; that some time thereafter he petitioned the probate court to be appointed guardian for a person named in the proceedings as Hannah *Berass* and not Hannah *Bearss*, on the ground that such person was physically and mentally incompetent; that the court appointed him and also appointed appraisers who subsequently returned an inventory, but that such inventory specified no property as belonging to the estate except a little piece of land valued at $600; that the person intended to be subjected to guardianship was decedent and that she was misnamed by design and with intent on the part of Aldrich to defraud; that he at once proceeded to exercise power as guardian over decedent on the strength of these proceedings and grossly misused her, and in November, 1877, filed in the probate court his

alleged account as guardian, and that said account was false and fraudulent; that on the same day this account was presented, Aldrich petitioned for the appointment of his co-defendant as administrator, and in such petition described decedent as Hannah *Berass*, and not as Hannah *Bearss*; that pursuant to such application the court in December, 1877, appointed Davis administrator and he at once proceeded to act in that capacity on decedent's estate.

The bill then sets forth the appointment of appraisers and commissioners to adjust claims and some other administrative proceedings, and particularly states that all the proceedings described decedent as Hannah *Berass* and not Hannah *Bearss*. It charges fraud against all the proceedings of defendants and maintains that the entire series are void. Answer on oath was waived.

The court is asked to declare the order on the account rendered by Aldrich as guardian, without force, and to appoint a receiver of the estate and give other relief wholly inconsistent with any validity in the action of the probate court.

We think it is clear that notwithstanding the amending act of 1871 in regard to equity jurisdiction over the settlement of estates (Comp. L., § 5197) there is no power to intervene in this case upon complainant's own theory.

The only title the complainant asserts in order to come into court is that in consequence of her relation to decedent she would be entitled by the statute to claim as distributee from the administrator in case of anything left to be distributed.

The assets are personal property and not real, and hence she has no standing as heir. Whatever she might get would be from the administrator as distributee and not from her deceased sister as heir at law. But her position is that there is no administrator and that nothing prevents her from applying to the probate court for the appointment of a proper person to represent the

estate, and who may call to account those persons of whom she complains.

According to the case made by the bill, the results aimed at, as well as the state of facts shown, demonstrate the necessity for moving in the probate jurisdiction, and also the futility of proceeding here at present.

The decree should be affirmed with costs.

The other Justices concurred.